WALLACE, JUDGE:
The claimant, Downer B. Boley, filed his claim for $926.83 against the respondent for damages to his 1970 Ford F-100 truck. On August 25, 1976 at approximately 6:05 a.m. the claimant was *273 traveling at approximately 45 miles per hour along the northbound lane of West Virginia Route 31 about 2Vz miles from Williamstown, West Virginia. Route 31 is a two-lane blacktop highway. The speed limit is 55 miles per hour.
The claimant testified that he was familiar with the road, having driven it for 10 to 12 years. As he proceeded around a curve in a low place in the road, his vehicle came up on a rise in the highway. He was blinded by an approaching vehicle which dimmed its lights. The claimant dimmed his lights and then returned them to high beam, at which time he saw an object in his lane of traffic. He swerved to miss it but struck it with the right side of his truck. The impact forced him over on the left side of the road onto the berm. He stopped his truck and upon investigation discovered that a road sweeper belonging to the respondent was across his lane of traffic, one end being about six inches from the center line of the road, and the tongue, which is attached to a truck when in use, extended to the right hand berm. There were no lights, reflectors, flares, or a watchman to warn of the danger.
Gregory Bailey, an employee of the respondent, testified that he helped detach the sweeper from the truck and park it some 20 feet off of the road the evening before the accident. It was parked in a wide area with other vehicles of the respondent to be ready for use the next day. The sweeper was secured in place by lowering the broom to the ground. The broom was raised or lowered by means of a hydraulic system which could be operated by hand. The berm of the road where the sweeper was parked sloped downward some 10 to 11 inches from the elevation of the road itself.
The claims investigator for the respondent testified there was sight view of 300 feet from the curve to the point of impact. His investigation did not reveal how the sweeper came to be on the road.
Although there was a sight view of 300 feet, it must be remembered it was taken in daylight, the accident occurred in the dark, and the claimant was momentarily blinded by the lights of an oncoming car. The sweeper itself had a relatively low profile to be seen under the existing conditions.
From the record it is apparent that someone pulled the sweeper onto the highway where it remained until struck by claimant’s truck. It is also apparent that the sweeper was not properly secured for the night because it was able to be moved back onto the highway by persons unknown.
*274 The record discloses no negligence on the part of the claimant that would bar his recovery. He was proceeding over a road he had driven many times at approximately 45 miles per hour. It was dark, the road dry. His visibility was momentarily diverted by the headlights of an oncoming automobile. As soon as the car passed he saw an object in the road, which later was determined to be the sweeper. Although he attempted to avoid hitting the sweeper, his efforts were unsuccessful.
The evidence further discloses that the respondent parked the sweeper off the road overnight and that it was secured by lowering the broom with a hand lever system which apparently could be operated by others. The equipment was then left unattended the remainder of the night.
The Court is of the opinion that the respondent’s negligence in failing to properly secure its sweeper was the proximate cause of the accident and that there was no negligence on the part of the claimant that would bar his recovery. Accordingly, an award is hereby made to the claimant in the amount of $926.83.
Award of $926.83.